# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Lawrence S. Hawkins

 v.

Allen S. Vann, Jr.,
and Meeks Disposal
Corporation

October 16, 2007

Case No. CL07-1525

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court on a motion to compel the production of certain reports made by the defendant Vann to his employer and at a later date to his insurance carrier. The defense objects claiming protection under the "work product doctrine." For the reasons set forth hereafter, the court finds that the initial report prepared immediately after the accident[1] is subject to discovery, while the report given to the insurance adjuster is subject to the "work product doctrine" and not discoverable.

*Day of the Accident Report*

The court is advised that the defendant Vann testified at a deposition that he gave a report to his supervisor on the same day as the accident. It now appears that this may have been mistaken testimony since defense counsel advises that they have been unable to locate such a report. To the extent that such a report may exist, the court is of the opinion that no serious claim of "work product" would apply since there was on that date no reasonable anticipation of litigation. If such a document exists, it must be produced.

---

[1] There is now a question as to the existence of such a report.

*January 25 and 26 Insurance Report*

It is agreed that the plaintiff retained counsel and current plaintiff's counsel notified the defendants by letter dated January 19, 2006. This letter predated the insurance report by six to seven days.

The existing case law contains three approaches to the discoverability of insurance claims adjuster reports. The first approach is often referred to as the "Thomas Organ" rule. This rule established a conclusive presumption that such a report was made in the regular course of the insurer's business and not in anticipation of litigation. However a line of more recent cases developed holding the exact opposite, that is a presumption in favor of exclusion under the "work product doctrine."

In between these poles are a series of cases suggesting that a case by case approach should be taken where the court looks at the facts and circumstances of the case before it and reaches a decision. *Moore's Federal Practice* § 26.70[3].

While there appears to be no Virginia Supreme Court case addressing this issue, there are several circuit courts that have considered this matter and adopted the case by case approach. See *Lopez v. Woolever*, 62 Va. Cir. 198, 203 (Fairfax County, 2003); *Larson v. McGuire*, 42 Va. Cir. 40, 45 (Loudoun County, 1997); and *Wilson v. Norfolk & Portsmouth Belt Line RR.*, 69 Va. Cir. 153, 174-75 (Portsmouth, 2005).

This court finds the *Wilson* opinion to be particularly thorough and persuasive for several reasons. Judge Davis has researched and presented in considerable detail the development of the rule. Secondly this judge is reluctant to create a division within the circuit and as a matter of policy would never intentionally do so without a compelling reason. (None exists in this matter.) Thirdly I agree with the case by case approach. This rule simply requires a judge to do what we do every day, consider factual scenarios, apply legal principles, and come to a hopefully fair decision. Thus the case by case approach allows the court to evaluate what is occurring in the case before it and rule accordingly.

Moving then to the facts of this case, can we say that, at the time of the collection of the information by the claims adjuster, a reasonable person could foresee litigation? The answer to this question can only be yes. The defendants had received notice from plaintiff's counsel of their representation and his damage claim. While no suit had been filed at this stage of the proceedings, it was only reasonable to assume that the future would bring such an event.